# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELISSA MARIE VANSICKLE,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 14-cv-00341-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 16. Attorney Dana C. Madsen represents plaintiff (Vansickle). Special Assistant United States Attorney L. Jamala Edwards represents defendant (Commissioner). The parties consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the court

ORDER ~ 1

**grants** defendant's motion for summary judgment, ECF No. 16.

## JURISDICTION

Vansickle applied for disability insurance benefits (DIB) and supplemental security income disability benefits (SSI) on May 17, 2011, alleging onset beginning March 2, 2009 (Tr. 143-49, 150-58). The claim was denied initially and on reconsideration (Tr. 94-97, 100-03).

Administrative Law Judge (ALJ) Donna L. Walker held a hearing June 11, 2013. Vansickle, represented by counsel, and medical and vocational experts testified (Tr. 28-59). On June 20, 2013, the ALJ issued an unfavorable decision (Tr. 12-21). The Appeals Council denied review August 29, 2014 (Tr. 1-6), making the ALJ's decision final. On October 21, 2014 Vansickle filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 4.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Vansickle was 27 years old at onset and 31 at the hearing. She has a tenth grade education and has not earned a GED. She lives with her son who was four years old at the hearing. She has worked as a nursing assistant/home attendant, retail manager, housekeeper, child monitor and retail clerk. She has a driver's license but

driving is painful. She has had anxiety all her life; this, and pain, cause sleep problems. Pain also limits walking to one block and standing to ten minutes (Tr. 40, 44-45, 51-53, 55, 201).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a

medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case

of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401

(1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## ALJ'S FINDINGS

ALJ Walker found plaintiff was insured through December 31, 2011 (Tr. 12, 14). She found at step one that Vansickle did not work at SGA levels after onset (Tr.

14). At steps two and three, she found plaintiff suffers from degenerative disc disease of the cervical spine, an impairment that is severe but does not meet or medically equal a Listed impairment (Tr. 14, 16).  The ALJ found Vansickle less than fully credible (Tr. 17). She found plaintiff is able to perform a range of medium work (Tr. 16). At step four, the ALJ relied on a vocational expert and found plaintiff is able to perform her past relevant work as a child monitor, home attendant, retail clerk and housekeeper (Tr. 19, 56). Alternatively, at step five, the ALJ again relied on expert testimony and found plaintiff can perform other jobs, such as assembler, hand packager and laundry worker  (Tr. 19-20, 56). The ALJ found Vansickle is not disabled as defined by the Act  (Tr. 21).

**ISSUES**

Plaintiff alleges the ALJ erred when she evaluated the evidence and assessed credibility. ECF No. 14 at 9-13. The Commissioner responds that the ALJ's findings are factually supported and free of harmful legal error. She asks the court to affirm. ECF No. 16 at 3.

**DISCUSSION**

*A. Credibility*

Plaintiff alleges the ALJ failed to properly support her credibility assessment. ECF No. 14 at 9-12.

When presented with conflicting medical opinions, the ALJ must determine

credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ's finding is fully supported.

In February 2009 plaintiff failed to follow through with recommended physical therapy (Tr. 14). After a car accident a month later, in April 2009, she was again advised to undergo physical therapy. She did not regularly show up for treatment as prescribed and was ultimately discharged (Tr. 14, citing Ex. 1F at Tr. 197-206). Vansickle testified she stopped going because the treatments caused pain (Tr. 44). This explanation is arguably not supported by the record. *See* Tr. 199, 201, 204-06, 211, 215. However, even if the explanation is deemed acceptable, the ALJ's other reasons are clear, convincing and supported by substantial evidence.

There is evidence suggesting drug seeking behavior. In June 2010 plaintiff asked for an early refill of pain medication. In August 2010 she again asked to refill

ORDER ~ 8

medications early because, she claimed, someone stole them (Tr. 15, 207, 242, 249). In July 2012 it is noted that Vansickle repeatedly "refused to have her blood drawn and requested benzodiazepine to calm herself" (Tr. 15, referring to Tr. 327-28). A test drawn July 23, 2012 was positive for benzodiazepine (xanax) and marijuana, in violation of plaintiff's pain contract (Tr. 15, referring to Tr. 335). Her treatment provider strongly recommended a comprehensive drug assessment (Tr. 335). In September 2012 plaintiff said she had ingested marijuana tea for nausea and did not know how xanax got into her system. When told controlled substances would no longer be prescribed until an assessment was completed or lab results returned clean, plaintiff became angry. She admitted drinking her brother's marijuana drink daily. She left the room before a physical exam could be done or labs taken (Tr. 15, referring to Tr. 337, 339-41). In October 2012 plaintiff repeatedly requested benzodiazepine in the ER for GI complaints, but was refused (Tr. 15, referring to Tr. 288).

Objective medical evidence does not support the level of claimed impairment (Tr. 15, 17). In March 2009 plaintiff was seen getting on and off the exam table with no signs of any discomfort. In November 2009 a physical therapist notes strength in both arms is 5/5. December 2009 treatment notes show plaintiff was seen for neck pain, but she was well groomed, active, moved without difficulty and did not appear to be in pain (Tr. 197, 212, 235). Plaintiff testified she vomited for six to nine

months to a year around October 2012 and lost 80 pounds (Tr. 47-48). Medical records do not support this assertion. *See* Tr. 287-88, noting metabolic panels are all normal despite claims of vomiting 8 to 10 times a day for 8 months; Tr. 337-38, noting inconsistent reporting of GI symptoms.

Activities overall also suggest greater functional capacity than plaintiff's testimony described. She drives. She was able to care for her son as an infant and toddler, at times as a single parent (Tr. 17, 209, 220, 222, 225, 231, 249, 274, 277, 361). Medical evidence does not reflect a worsening condition that would support the degree of limitation alleged (Tr. 17; *see e.g*., Tr. 259, 285, 296: September 2009 MRI cervical stenosis without radiculopathy; November 2010 lumbar MRI essentially normal).

Unexplained or inadequately explained failure to follow recommended treatment suggests limitations are not as severe as alleged. An ALJ may properly consider this when assessing credibility. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)(citation omitted). Drug seeking behavior may be evidence of "a tendency to exaggerate pain." *See Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001)(holding that the likelihood that claimant was exaggerating complaints of pain to "feed his Valium addiction" supported the ALJ's decision to reject his testimony). Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ can consider when analyzing

ORDER ~ 10

credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Subjective complaints contradicted by medical records and by daily activities are properly considered. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002). And, the ability to care for young children may be inconsistent with disabling limitations. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

The ALJ's credibility assessment is supported by the evidence and free of harmful error.

*B. Medical evidence*

Vansickle alleges the ALJ failed to properly weigh the March 2013 opinion of Ginger Blake, ARNP. ECF No. 14 at 12-13; Tr. 293-95. The Commissioner responds that the ALJ gave germane reasons for rejecting this opinion: it is inconsistent with treatment notes and with the medical and testimonial evidence as a whole. ECF No. 16 at 13-14.

The Commissioner is correct.

In March 2013 Ms. Blake opined plaintiff could perform sedentary work, but no more than one to ten hours per week (Tr. 293-94). In July of 2012, Ms. Blake was the treatment provider who had strongly recommended an assessment for substance abuse (Tr. 335).

An ALJ may properly reject any opinion that is brief, conclusory and

ORDER ~ 11

inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Opinions that are internally inconsistent may properly be given less weight. *See Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999).

Vansickle alleges the ALJ erred by considering DSHS evaluations in general, and the sympathy of providers and the context of secondary gain, when she rejected Ms. Blake's opinion. ECF No. 14 at 13. The Commissioner responds that the ALJ gave germane reasons, as is appropriate for non-acceptable sources. ECF No. 16 at 13-16.

The Commissioner is correct.

Nurse practitioners such as Ms. Blake are not acceptable medical sources. As such, if an ALJ rejects their opinion, reasons germane to the witness must be given. *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012)(citations omitted).

The ALJ notes the assessed limitations are made on a check-box form (Tr. 18). These are entitled to little weight, particularly when (as is the case here) the report does not contain an explanation of the bases for the conclusions. *Crane v. Shalala,* 76 F.3d 251, 253 (9th Cir. 1996).

The assessed RFC is also inconsistent with treatment notes. (Tr. 18-19, 294). The notes do not reflect such extreme limitations. Treatment notes, for example, describe asthma as well controlled (Tr. 274). Ms. Blake's check-box opinion

ORDER ~ 12

indicates asthma limits work. This is a germane reason.

The ALJ notes Ms. Blake's opinion is inconsistent with other evidence. Minh D. Vu, M.D., [misspelled Niem Vu in the RP], reviewed the complete record. He testified plaintiff's cervical condition is a severe impairment but lumbar conditions and asthma are not (Tr. 34-35, 131). He opined plaintiff could perform a range of medium work (Tr. 35-36). The ALJ considered and gave this opinion significant weight (Tr. 18). This too is a germane reason.

Because the ALJ gave germane reasons supported by the record for rejecting Blake's more extreme limitations, error if any in relying on the purpose of the opinion (obtaining DSHS benefits) or the provider's possible sympathy is clearly harmless.

Plaintiff essentially alleges the ALJ should have weighed the evidence differently, but the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or

nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

The ALJ's determinations are supported by the record and free of harmful legal error.

**CONCLUSION**

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 16**, is **granted.**

Plaintiff's motion for summary judgment, ECF No. 14, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 18th day of August, 2015.

*S/ James P. Hutton*

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER ~ 14